## EMPIRE OIL & REFINING CO. v. BABSON.

No. 27998.   March 8, 1938.

Rehearing Denied March 29, 1938.

Hayes McCoy, Chas. C. Julien, and L. L. Corn, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, and Kavanaugh Bush, for defendant in error.

GIBSON, J.   This action was brought on a written contract. Plaintiff, W. S. Babson, in a trial before the court without a jury, recovered judgment for what he claimed as a balance due him on a sale of a casinghead gas contract. If he were due anything, he was entitled to all the court awarded him.

Babson had owned a gasoline plant and its customary appurtenances and also by assignment a casinghead gas contract providing for sale by the Atlantic Oil Producing Company to Forrest E. Gilmore Company and its assigns (Babson) of casinghead gas from four leases. As assignee in this contract Babson was to pay Atlantic Oil Producing Company for casinghead gas the price stipulated in a certain schedule, depending upon the gasoline content in gallons per one thousand cubic feet.

The parties agree that the salient features of the contract, so far as this case is concerned, are embodied in the second provision thereof, which reads as follows:

"Second.   Upon the approval of title and the delivery of the instruments as set out above, the Seller agrees to place the Company in physical possession of the property, and the Company shall then pay to the Seller the sum of Four Thousand Dollars. The Company shall further pay to the Seller, only if, when and as the casinghead gas delivered under this contract shall be received and processed, sixty-two and one-half per cent. (62½%) of the value of the gasoline content contained in the cashinghead (sic) gas delivered under said contract copied as Exhibit 'A' hereto, determined as provided in said contract and its required modification, only until such fraction of the value of said gasoline content shall equal the sum of Eight Thousand Dollars additional; provided that out of such fraction so to be paid the company shall deduct and pay the gas payments in said contract and/or its modification provided to be paid to Atlantic Oil Producing Company or its assigns. The casinghead gas received shall be metered and payments made to Seller as in said contract attached hereto provided."

The term "seller" in the contract refers to Babson, and the words "the company" refer to the Empire Oil & Refining Company, plaintiff in error. The trial court found the contract ambiguous, heard evidence on the meaning thereof, and decided that under this paragraph the company had agreed to pay Babson $12,000. The $4.000 admittedly was paid. The company admitted that it was to pay $12,000 but asserted that the $8.000 payment was to be made to both Babson and the Atlantic Company. From the beginning, it adopted that construction, and in its statements to Babson, when payments

were made monthly, it showed not only the amount of the payment made to him, but also the amount of the payment made to the Atlantic Company, deducting the sum of the two payments from the balance due on the $8,000 obligation. This was done until the payments made to both Babson and the Atlantic Company equalled the $8,000. There is no dispute as to the payments of these amounts; Babson contends, however, that he should not be charged with the amounts paid the Atlantic. The controlling question, therefore, arises on the construction of the contract as to whether it is ambiguous, and if unambiguous what its meaning is.

An approach to the interpretation may be had by asking the question, What was to be paid Babson, if anything, in addition to the $4,000? The contract answers: "Sixty-two and one-half per centum of the value of the gasoline content contained in the casinghead gas * * * only until such fraction of the value of said casinghead gas content shall equal the sum of eight thousand dollars additional." It will be noted at once that one thing is equal to another, viz.: 62½ per cent. of the value is to equal the sum of $8,000. The contract does not provide that payments shall continue until such amounts as may be paid Babson shall equal $8,000. The 62½ per cent. of the value is to be paid only until it equals $8,000 additional to the $4,000. The contract further contains this proviso: "Provided that out of such fraction so to be paid (i. e., out of the 62½ per cent.) the company shall deduct and pay the gas payments in said contract * * * provided to be paid to Atlantic Oil Producing Company." This proviso does not say that the payments to be paid the Atlantic are to extend the time for the payments of the additional consideration, but on the contrary it definitely refers to "such fraction so to be paid." This fraction was not to be paid until such portion of it as was paid to Babson should equal $8,000, but said fraction was to be paid "only until such fraction (i. e., the entire 62½ per cent.) shall equal the sum of $8,000 additional (to the $4,000 cash paid). The only rational interpretation of the contract, it is clear to us, is that the company for the plant and appurtenances was to pay $4,-000 cash and to pay 62½ per cent. of the value of the gasoline content contained in the casinghead gas until such value reached $8,000 in addition, provided, however, by agreement with Babson the company should deduct from the 62½ per cent. (which

would otherwise be Babson's share) the amounts due to the Atlantic Company furnishing the gas. Here it is seen that the payments to the Atlantic Company are to be deducted from (are not in addition to) the fraction "so to be paid." The conclusion appears inescapable that the payments to be made to the Atlantic Company are to be deducted from the payments due Babson, and that the liability of the Empire Company on the Babson contract, after paying the $4,000, never exceeded $8,000; that its liability under said contract ceased when the 62½ per cent. in value equalled $8,000. For whatever consideration he may have believed sufficient to him, Babson had the right to agree that instead of paying him all the $8,000 or the 62½ per cent. value until it reached $8,000, payments could be made to the Atlantic and deducted from this portion. This is what the contract plainly permits. Furthermore, the contract calls for the payment of the 62½ per centum "only until" such payments equal the $8,000. An interpretation requiring it to continue paying the 62½ per centum until Babson himself had received $8,000 would unquestionably require the company to continue payments beyond the point where the 62½ per centum value equalled $8,000. The words "only until" put a stop sign for such payments. This court has held that the word "until" is a word of limitation, fixing a point at which a precedent status fails. Bud Hoard Co. v. F. Berg & Co., 137 Okla. 16, 278 P. 273. The case, in fact, lays down a rule of construction applicable here in construing this contract:

"Whether we are considering an agreement between parties, a statute, or a Constitution, with a view of its interpretation, the thing which we are to seek is the thought which it expresses. To ascertain this, the first resort in all cases is to the natural signification of the words employed, in the order of grammatical arrangement in which the framers of the instrument have placed them. If, thus regarded, the words embody a definite meaning, which involves no absurdity and no contradiction between different parts of the same writing, then that meaning, apparent on the face of the instrument, is the one which alone we are at liberty to say was intended to be conveyed. In such a case there is no room for construction."

The construction of the contract here as we have given it is, we believe, in harmony with those often applied principles. Whether the contract is harsher than Babson intended we cannot say. He does not allege fraud or mistake in entering into the con-

tract. In fact, it is definitely conceded that if the contract is not ambiguous and has the meaning we ascribe to it, the judgment should be reversed, since the entire $8,000 had been paid to both Babson and the Atlantic Company.

It is, therefore, the opinion of the court that the judgment should be reversed and judgment rendered for the defendant Empire Oil & Refining Company.

It is so ordered.

OSBORN, C. J., and RILEY, CORN, and DAVISON, JJ., concur.