**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Victor NWANKWO, a.k.a. Greg,**
**Defendant—Appellant.**

**No. 01–50150.**
**D.C. No. CR–97–00648–RSWL–01.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Sept. 9, 2002.

---

Before REINHARDT and TROTT, Circuit Judges, and WHALEY, District Judge.*

* The Honorable Robert Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

## MEMORANDUM **

Appellant Victor Nwankwo ("Appellant") appeals his conviction and his 140-month sentence. Appellant contends that his re-trial was barred by double jeopardy. Appellant also appeals the District Court's decision at his second trial to admit evidence of other crimes or bad acts under Fed.R.Evid. 403 and 404(b).

### Double Jeopardy

The court reviews the double jeopardy claim under the plain error standard because the double jeopardy issue was untimely, even assuming that it would have been timely if it had been properly raised in the Rule 29 motion following the third trial. *See Brecht v. Abrahamson*, 507 U.S. 619, 635, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1992) (confirming that the federal "plain error" rule applies in determining whether a defendant may raise a claim for the first time on direct appeal) (citation omitted); *United States v. Freeman*, 6 F.3d 586, 600–01 (9th Cir.1993). Merely mentioning the words "double jeopardy" in the heading of the Rule 29 memorandum, but failing to discuss the topic in the body of the memorandum, does not sufficiently raise the issue.

Turning to the merits of the double jeopardy claim, we find that the Government did not deliberately provoke the mistrial.

The principles governing double jeopardy following a mistrial are set forth in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Where the trial is terminated over the objection of the defendant, the test for double jeopardy is whether there was "manifest necessity." *Kennedy*, 456 U.S. at 672. The prototypi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cal example of "manifest necessity" is a hung jury. *Id.* (citations omitted). Generally, when a defendant requests a mistrial, there is no double jeopardy issue. *Id.* (citations omitted). However, a narrow exception to that rule is where the "prosecutor's actions giving rise to the motion for mistrial were done 'in order to goad the [defendant] into requesting a mistrial.'" *Id.* at 673 (alteration in the original) (citing *United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976)). The Court held that prosecutorial conduct that justified a mistrial would not always bar a retrial. "Prosecutorial conduct that might be viewed as harassment or over-reaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Id.,* at 675–76.

We have held that a mistrial does not bar retrial "unless the defendant can show that the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *United States v. McKoy,* 78 F.3d 446, 449 (9th Cir.1996) (internal quotation omitted). Here, the Government's conduct involved a serious error of law with respect to the prosecution of its case that required some form of remedial action by the court. The erroneous conduct was not designed, however, to provoke a mistrial, and the Government strongly opposed that remedy, arguing forcefully for less disruptive alternatives. Under these circumstances, we cannot conclude that the prosecution deliberately sought to provoke the mistrial. Accordingly, Appellant's double jeopardy claim fails. Therefore, we find it was not plain error to retry the cases, and we affirm the trial court.

### Federal Rule of Evidence 404(b)

■ The trial court's decision to admit evidence of other crimes under Fed. R.Evid. 404(b) is reviewed for abuse of discretion. *United States v. Parks,* 285 F.3d 1133, 1141 (9th Cir.2002). Evidence of prior wrongful conduct is not admissible to show the bad character of the defendant. Fed.R.Evid. 404(b). "It may, however, be admissible for other purposes, such as, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). "To be admissible, the prior wrongs must: (1) tend to prove a material point; (2) be sufficient to support a finding that the defendant committed the prior act; (3) be similar to the offense charged, when they are being introduced to show intent; and (4) not be too remote in time." *United States v. Smith,* 282 F.3d 758, 768 (9th Cir.2002) (citing *United States v. Bracy,* 67 F.3d 1421, 1432 (9th Cir.1995)). "Evidence of prior criminal acts may be relevant in conspiracy cases to show the background and development of the conspiracy." *Id.* (quoting *United States v. Hill,* 953 F.2d 452, 457 (9th Cir. 1991); *United States v. McKoy,* 771 F.2d 1207, 1214 (9th Cir.1985)). The New Mexico "bad acts" clearly satisfy the four requirements for admissibility: (1) they tended to prove the material point that Appellant was also "Vincent Johnson," who had rented the mailboxes in California; (2) there was sufficient proof that Appellant had committed the New Mexico acts; (3) the New Mexico acts were similar to the charged offense; and (4) they were not too remote in time.

■ Appellant contends that it was an abuse of discretion to allow the jury to hear evidence relating to Appellant's arrest in Albuquerque, New Mexico. Appellant's contentions are based largely on Fed.R.Evid. 403. However, both parties acknowledge that the District Court gave a proper limiting instruction.

We find that the District Court carefully limited the Government's proffered Rule 404(b) evidence and excluded under Rule 403 any evidence that it felt was cumulative and unduly prejudicial. Since the District Court did not abuse its discretion, we affirm.