**GABRIEL JOSEPH, Appellant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee**

D.C. Criminal App. No. 2005-13

District Court of the Virgin Islands

Division of St. Thomas and St. John, Appellate Division

December 9, 2008

PEDRO K. WILLIAMS, ESQ., St. Thomas, USVI, *Counsel for the Appellant.*

MAUREEN PHELAN, ESQ., St. Thomas, USVI, *Counsel for the Appellee.*

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands;* FINCH, *Judge of the District Court of the Virgin Islands; and* D'ERAMO, *Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.*

## Memorandum Opinion

(December 9, 2008)

Appellant, Gabriel Joseph ("Joseph") appeals from a judgment of the Superior Court entered after a jury convicted him of buying stolen property.[1] We will affirm.

## I. FACTUAL AND LEGISLATIVE BACKGROUND

### A. Factual Background

Joseph was charged in a one count criminal information for purchasing four stolen tire rims in violation of V.I. CODE ANN. tit. 14, § 2101. At trial, the People of the Virgin Islands ("Appellee" "Government" or "People") presented evidence that the original owner paid $1,700.00 for the rims five or six years prior to their theft. (J.A. 105, 107-108, 130-132.) Joseph admitted that he purchased the rims on December 19, 2003 for $200.00, but claimed that he did not know they were stolen. (J.A. 219-223.)

After the close of evidence and a short deliberation, the jury returned a guilty verdict on the single count. (J.A. 356-359.) The court subsequently held a hearing concerning the applicability of the habitual offender statute, concluded that it applied and sentenced Joseph to the mandatory minimum period of ten (10) years of incarceration under V.I. CODE ANN. tit 14, § 61(a).

On appeal, Joseph argues that there was insufficient evidence to support his conviction and that the jury did not deliberate long enough to adequately consider the evidence. Joseph also challenges the trial court's

---

[1] At the time the trial court considered this matter, it was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

application of the habitual offender statute to his sentence. The Government argues that Act No. 6687, which created the Supreme Court of the Virgin Islands, divested this Court of appellate jurisdiction to consider this case.

## B. Legislative Background

On July 22, 1954, Congress enacted the Revised Organic Act for the Virgin Islands, 68 Stat. 497, 48 U.S.C.A. § 1541 et seq. The Revised Organic Act is a basic charter of government for the territory, it is also the Virgin Islands' current equivalent of a constitution and defines the jurisdictional boundaries of the Virgin Islands' courts.[2] *Virgo Corp. v. Paiewonsky*, 6 V.I. 256, 384 F.2d 569, 576 (3d Cir. 1967), *cert. denied*, 390 U.S. 1041, 20 L. Ed. 2d 303, 88 S. Ct. 1634 (1968); *Estate of Thomas Mall, Inc. v. Territorial Ct. of V.I.*, 923 F.2d 258, 262 n.4 (3d Cir.); *Mapp v. Lawaetz*, 882 F.2d 49, 51 (3d Cir. 1989); *Brow v. Farrelly*, 28 V.I. 345, 994 F.2d 1027, 1032 (3d Cir. 1993). As such, our appellate jurisdiction is grounded in the Revised Organic Act. Section 21 provides:

> (a) District Court of the Virgin Islands; local courts. The judicial power of the Virgin Islands shall be vested in a court of record designated the "District Court of the Virgin Islands" established by Congress, and in such appellate court and lower local courts as may have been or may hereafter be established by local law.
>
> (b) Jurisdiction. The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction. Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 22(a) and (c) of this Act [48 USCS § 1612(a) and (c)].

48 U.S.C. § 1611; Rev. Org. Act of 1954 § 21.

Section 21(a) of the Revised Organic Act empowered the Virgin Islands legislature to establish local appellate courts. However, until such

---

[2] Article IV, Section 3 of the United States Constitution, empowers Congress to establish all necessary rules and regulations concerning the unincorporated territory of the Virgin Islands, including the power to designate the jurisdiction of local courts. *See Territorial Ct. of V.I. v. Richards*, 23 V.I. 285, 673 F. Supp. 152, 157 (D.V.I. 1987).

time that the local legislature took action to do so, the Revised Organic Act vested appellate jurisdiction with the District Court of the Virgin Islands. Section 23A defined the interim appellate role of the District Court and provides that:

> (a) Appellate jurisdiction of District Court. Prior to the establishment of the appellate court authorized by section 21(a) of this Act [48 USCS § 1611(a)], the *District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law:* Provided, That the legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States, including this Act [48 USCS §§ 1541 et seq.], or any authority exercised thereunder by an officer or agency of the Government of the United States, or the conformity of any law enacted by the legislature of the Virgin Islands or of any order or regulation issued or action taken by the executive branch of the government of the Virgin Islands with the Constitution, treaties, or laws of the United States, including this Act [48 USCS §§ 1541 et seq.], or any authority exercised thereunder by an officer or agency of the United States.
>
> . . .
>
> (d) Appeals to appellate court; effect on District Court. Upon the establishment of the appellate court provided for in section 21(a) of this Act [48 USCS § 1611(a)] all appeals from the decisions of the courts of the Virgin Islands established by local law not previously taken must be taken to that appellate court. *The establishment of the appellate court shall not result in the loss of jurisdiction of the district court over any appeal then pending in it.* The rulings of the district court on such appeals may be reviewed in the United States Court of Appeals for the Third Circuit and in the Supreme Court notwithstanding the establishment of the appellate court.

48 U.S.C. § 1613a; Rev. Org. Act of 1954 § 23A. (emphasis added.)

In the absence of a locally established appellate court, and under the power conferred by the Revised Organic Act, the Virgin Islands'

Legislature enacted Section 33 of title four of the Virgin Islands Code.[3] Section 33 vested the District Court with appellate jurisdiction to review civil cases arising under local law and "criminal cases in which the defendant has been convicted, other than on a plea of guilty." *See* V.I CODE ANN. tit 4, § 33.[4]

On October 29, 2004, the Virgin Islands Legislature created the first local appellate court in the territory when it enacted Act No. 6687.[5] Act 6687 created the Supreme Court of the Virgin Islands and explicitly repealed 4 V.I.C. §§ 33-40 as the statutory basis for this Court's appellate jurisdiction. *See* Act 6687 §§ 4, 13. In pertinent part, Section four provides that:

> All actions and proceedings arising under the laws of the Virgin Islands pending in any court of the Virgin Islands, or in the Appellate Division of the District Court of the Virgin Islands *on the effective date of this Act and on the date of certification that the court is ready to accept* jurisdiction, *shall be prosecuted to final determination in the court in which they were pending . . . . Once the Chief Justice has sent certification* to the Governor as set forth in Section 3(c) of this Act, *the Supreme Court of the Virgin Islands shall have exclusive jurisdiction* over all appeals filed thereafter from the Superior court as well as other jurisdiction as prescribed by this Act and other law.

*Id.* (emphasis added).

On March 5, 2005, the Governor signed The Omnibus Justice Act of 2005, Act 6730 into law. Section 54 of Act 6730 amended Section 3 of Act 6687 by adding subsection(d) to read as follows:

---

[3] On February 8, 1965, the Virgin Islands Legislature passed Act No. 1291 which amended section 33 of title 4 of the V.I. CODE to comport with the language of Sections 21 and 23A of the Revised Organic Act. *See* Act No. 1291, § 10, Sess. L. 1965, Pt. I, 10. The Legislature's amendments were effective on March 1, 1965. *Id.*

[4] We note that while the Virgin Islands Code defines jurisdictional limits of the Virgin Islands courts, it is axiomatic that whatever power the Virgin Islands Legislature possesses to vest jurisdiction must derive from the Revised Organic Act. *See, e.g., Brow,* 994 F.2d at 1032.

[5] Pursuant to the power provided to the Legislature in Section 21A of the Revised Organic Act.

(d) *Until* the operation of the Supreme Court is implemented *by the certification* sent by the Chief Justice to the Governor as provided in subsection (c):

(1) The Appellate Division of the District Court of the Virgin Islands *shall continue to exercise the appellate jurisdiction conferred by section 23A of the Revised Organic Act,* to review the judgments and orders of the Superior Court in all civil cases, in all juvenile and domestic relations cases, and in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. An appeal may be taken by any party aggrieved pursuant to rules of procedure prescribed and adopted by the District Court. The Appellate Division of the District Court shall also exercise the jurisdiction provided by Title 4 Virgin Islands Code, subchapter 2A, sections 33(b) and 33(d).

Act No. 6730 § 54.

On January 26, 2007, the Chief Justice of the Supreme Court of the Virgin Islands sent a letter to the Governor certifying that the Supreme Court of the Virgin Islands was ready to assume jurisdiction effective January 29, 2007.

## II. STANDARD OF REVIEW

We exercise plenary review over questions of jurisdiction and statutory interpretation. *See Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. Div. 1995); *Government of the Virgin Islands v. Davis*, 2001 U.S. Dist. LEXIS 20191 (D.V.I. Nov. 29, 2001).

## III. DISCUSSION

### A. Jurisdiction

█ The Government argues that Act 6687[6] repealed this Court's appellate jurisdiction on October 29, 2004 and that jurisdiction was not reinstated until the passage of Act No. 6730[7] on March 5, 2005. The Government's corollary conclusion is that this Court cannot appropriately exercise jurisdiction to hear this appeal filed on January 16, 2005 because it was filed during an interim period where this court purportedly lacked

---

[6] Signed into law on March 5, 2005.
[7] Signed into law on October 29, 2004.

jurisdiction.[8] Appellate courts have an obligation to satisfy themselves of jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

### 1. Act 6687

■ Act 6687 expressly repealed this Court's appellate jurisdiction under V.I. CODE ANN. tit 4, §§ 33-40.[9] Act 6687 § 13(a) reads:

SECTION 13 The following provisions are repealed:

(a) Title 4 Virgin Islands Code, chapter 3, sections 31 through 40 relating to the operation of the District Court.

*Id.*[10]

---

[8] The Government cites title 1, section 52 of the Virgin Islands Code ("Section 52") for the proposition that the amendment that purportedly 'reinstated' this Court's jurisdiction cannot be applied retroactively. Section 52 provides "Unless otherwise specifically provided therein, the effective date of bills enacted by the Legislature shall be the date of approval of same by the Governor . . ." However, the District Court of the Virgin Islands has previously found "no indication . . . that the legislature intended Section 52 to act as a bar to the retroactive application of remedial legislation." *Edwards v. Villaneuva*, 12 V.I. 18, 22 (D.V.I. 1975).

[9] In considering Act 6687, there is no more persuasive evidence of the purpose of the statute than the words by which the Legislature undertook to give expression to its wishes. *United States v. American Trucking Ass'ns*, 310 U.S. 534, 60 S. Ct. 1059, 84 L. Ed. 1345 (1940)(citations omitted). The Supreme Court has emphasized that in interpreting a statute a Court should always turn first to one, cardinal canon before all others. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992) (citations omitted). Consequently, the "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S. Ct. 843, 136 L. Ed. 2d 808 (1997)(citations omitted). When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete. *Id.*

[10] Prior to its repeal, 4 V.I.C. §§ 33 provided, in pertinent part that:

The district court has appellate jurisdiction to review the judgments and orders of the territorial court in all civil cases, in all juvenile and domestic relations cases, and in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. *Id.*

■ However, a plain reading of Act 6687 reveals that the statute also preserved our appellate jurisdiction until the Supreme Court certified that it was ready to accept jurisdiction.[11]

Act 6687 § 4, provides that:

> All actions and proceedings arising under the laws of the Virgin Islands pending in any court of the Virgin Islands, or in the Appellate Division of the District Court of the Virgin Islands *on the effective date of this Act and on the date of certification that the court is ready to accept jurisdiction, shall be prosecuted to final determination* in the court in which they were pending.

*Id.* (emphasis added).

By examining the language "on the effective date of the Act and on the date of certification," we conclude that jurisdictional divestment did not occur until the Supreme Court certified that it was ready to accept jurisdiction. Hence, while Section 13(a) of Act 6687 repealed 4 V.I.C. §§ 33-40 as the statutory foundation of our appellate jurisdiction, section 4 of Act No. 6687 contemporaneously preserved our jurisdiction. However, unlike 4 V.I.C. §§ 33-40, our appellate jurisdiction under 6687 § 4 had a definite "shelf-life". The language of 6687 makes clear that our jurisdiction over newly filed cases was intended to expire upon the Supreme Court's certification.

■ In sum, we read Act 6687 to preserve this Court's appellate jurisdiction through two time periods. First, on the effective date of Act 6687. Second, through the date that the Supreme Court of the Virgin Islands certified that it was ready to accept jurisdiction.

### 2. Act 6730

Act 6730 amended Act 6687 and was the final affirmative act of the Virgin Islands Legislature concerning this Court's appellate jurisdiction. See Act 6730 § 54. Section 54 of Act 6730 amended Section 3 of Act No. 6687 by adding subsection (d) to read as follows:

---

[11] The statement of jurisdiction previously cited in our decisions included a parenthetical that stated that Act No. 6730 "reinstated" this court's Appellate jurisdiction. We recognize that this superfluous parenthetical may have guided the People's assumption that Act. No. 6687 divested this court of appellate jurisdiction.

(d) *Until* the operation of the Supreme Court is implemented *by the certification* sent by the Chief Justice to the Governor:

(1) The Appellate Division of the district Court of the Virgin Islands shall *continue* to exercise the appellate jurisdiction conferred by section 23A of the Revised Organic Act, to review the judgments and orders of the Superior Court... The Appellate Division of the District Court shall also exercise jurisdiction provided by title 4 Virgin Islands code, subchapter 2A, sections 33(b) and 33(d).

*See* Omnibus Justice Act, Section 54. (emphasis added).

 Again, in the wake of the Virgin Islands Legislature's contemplation of the Supreme Court, the Supreme Court's certification to the Governor is identified as the triggering event marking the end of this Court's appellate jurisdiction over newly filed appeals. A plain reading of the statute reveals that the Legislature employs the words "until"[12] and "continue"[13] to delineate the time and duration of this Court's jurisdiction.[14] The word "until" means: "up to the time of."[15] The word "continue" means uninterrupted, in unbroken sequence[16] or to maintain without interruption a condition, course, or action.

 The Supreme Court has held that if a statute's language is clear, a court must give it effect unless this "will produce a result demonstrably at odds with the intention of the drafters." *Id.* (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S. Ct. 3245, 73 L. Ed. 2d 973 (1982)); *see also In re Magic Restaurants*, 205 F.3d 108, 116 (3d Cir. 2000) ("Even where the express language of a statute appears unambiguous, a court must look beyond that plain language where a literal interpretation of this language would thwart the purpose of the overall statutory scheme [or] would lead to an absurd result . . .")

---

[12] Omnibus Justice Act Section 54(d).

[13] Omnibus Justice Act Section 54(d)(1).

[14] The words of the statute should be given their operative effect. *See*, *Walters v. Metropolitan Educ. Enters.*, 519 U.S. 202, 117 S. Ct. 660, 664, 136 L. Ed. 2d 644 (1997).

[15] [Until is] a word of limitation, used ordinarily to restrict that which precedes to what immediately follows it, and its office is to fix some point of time or some event upon the arrival or occurrence of which what precedes will cease to exist. *State v. Kehoe*, 49 Mont. 582, 144 P. 162, 164 (1914); *Irwin v. Irwin*, 179 A.D. 871, 167 N.Y.S. 76, 78 (N.Y. App. Div. 1917); *Empire Oil Refining Co. v. Babson*, 1938 OK 158, 182 Okla. 336, 77 P.2d 682, 684 (Okla. 1938); Black's Law Dictionary 4th Ed. p. 1708.

[16] Black's Law Dictionary 4th Ed. p. 393; *U.S. v. Wooten*, 882, 887 (10th Cir. 1930).

■ The People's interpretation of 6687 proposes that this Court's appellate jurisdiction ended on the date Act 6687 was signed into law and was reinstated with the passage of Act 6730. However, this interpretation is at odds with both the language of the statute and the demonstrated intent of the Legislature.[17] Indeed, the Legislature could not have intended to curtail this Court's appellate review while opening a year-long jurisdictional chasm where no local court would exercise appellate jurisdiction over newly filed cases arising from the Superior Court.[18]

■ Rather, the plain language of Acts 6687 and 6730 demonstrate the Legislature's intent that this Court maintain uninterrupted jurisdiction over civil and criminal appeals arising from the Superior Court until such time that the newly established Supreme Court of the Virgin Islands certified that it was ready to accept jurisdiction.

### 3. Whether this court has jurisdiction over the instant appeal.

Joseph's judgment and notice of appeal were entered on January 16, 2005. The Supreme Court assumed jurisdiction on January 29, 2007. Thus, this Court retained jurisdiction over this appeal.

### B. Sufficiency of the Evidence

### 1. Standard of Review

The standard of review for a sufficiency of the evidence claim is plenary. *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998). However, "[i]f a defendant fails to file a timely motion for judgment of acquittal, we review sufficiency of evidence for plain error." *United States v. Powell*, 113 F.3d 464, 466-467 (3d Cir. 1997). In determining the sufficiency of the evidence for a conviction, courts look at the evidence in

---

[17] The District Court of the Virgin Islands recently found that "the clear and indisputable purpose of Act 6687 [was] 'to establish the Supreme Court of the Virgin Islands,' as indicated in the Act's caption." *Russell v. DeJongh*, 48 V.I. 674, 682 (D.V.I. 2007) (noting "[t]he first line of Act 6687 reads 'To amend title 4, Virgin Islands Code to establish the Supreme Court of the Virgin Islands and . . . for other purposes' ").

[18] The Supreme Court has instructed that "absurd results are to be avoided . . . when construing statutory language." *U.S. v. Turkette*, 452 U.S. 576, 580, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981) (citations omitted); *Government of the Virgin Islands v. Santiago*, 27 V.I. 232, 798 F. Supp. 274, 279 (D.V.I. 1992); *see also Church of the Holy Trinity v. United States*, 143 U.S. 457, 461, 12 S. Ct. 511, 36 L. Ed. 226 (1892); *In re Magic Restaurants*, 205 F.3d 108, 116 (3rd Cir. 2000).

the light most favorable to the Government. *United States v. Wolf*, 245 F.3d 257, 261 (3d Cir. 2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The jury verdict is sustained "if any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *Id.* An appellant that attempts to challenge the sufficiency of the evidence bears a heavy burden. *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (citing *United States v. Losada*, 674 F.2d 167, 173 (2d Cir. 1982)).

### 2. Preservation of Appeal

 In this matter, there is a threshold issue concerning whether Joseph properly preserved his sufficiency of the evidence objection below. "[D]uring trial, the court and opposing parties are justified in expecting litigants to raise their objections at the procedurally correct moment, and in assuming that objections not so raised have been waived." *Gov't of the V.I. v. Forte*, 806 F.2d 73, 76 (1986) (quoting *United States Baylin*, 696 F.2d 1030, 1036 (3d Cir. 1982)). The People argue that Joseph never made a Rule 29 motion for acquittal per insufficiency of the evidence during trial, and thus did not preserve the issue for appeal.

The record reveals that, after the close of evidence, and during the jury instructions conference, the following discussion took place between court and counsel:

> Attorney Payton: You know what I forgot to do, Your Honor, is make my Rule 29 motion.
>
> Attorney Mathurin: Too late.
>
> Attorney Payton: But that's all right.
>
> The Court: Well, I would not have granted it. I think now it's going to boil down to credibility, who do you believe.

(J.A. 287-288.)

 To preserve an issue for appeal, an objection must be specific enough not only to put the judge on notice that there is in fact an objection, but to serve notice as to the underlying basis for the objection. *United States v. Sandini*, 803 F.2d 123 (3d Cir. 1986). The record indicates that counsel surreptitiously announced during a jury instructions conference that he "forgot" to raise a Rule 29 motion. However, counsel neglected to make a record regarding the basis of his proposed Rule 29 motion. Although the trial court judge arguably may have been put on

885

notice that there was a Rule 29 objection, counsel clearly failed to convey the requisite underlying basis for the objection.[19] We, therefore, review Appellant's sufficiency of the evidence claim for plain error. *United States v. Powell*, 113 F.3d 464, 466-467 (3d Cir. 1997); *United States v. Morelli*, 169 F.3d 798, 802 (3d Cir. 1999).

### 3. Whether there was sufficient evidence for a jury to convict Joseph of buying, receiving or possessing stolen property.

V.I. CODE ANN. tit. 14, § 2101, *Buying, receiving or possessing stolen property,* states, in pertinent part, that:

> Any person who buys, receives or possesses any property which has been obtained in any unlawful manner, knowing or having cause to believe the property to have been so unlawfully obtained, or who conceals, sells, withholds or aids in concealing, selling, or withholding any such property from the owner, knowing or having cause to believe the property to be so stolen or illegally obtained shall —
>
> > (a) if the property received, bought or possessed shall be of the value of one hundred dollars or upward, be imprisoned for not more than 10 years or be fined not more than $7,000, or both . . .

*Id.*

At trial, Joseph described the purchase of the rims:

> Attorney Payton: Did there come a time that you purchased some rims?
>
> Joseph: Yes, I did, Attorney.
>
> Attorney Payton: Okay. And how much did you purchase the rims for?
>
> Joseph: I purchased them for $200 but the guy was asking more.
>
> . . .

---

[19] In *Sandini* the Third Circuit Court of Appeals determined that the substance of a colloquy between the judge and defense counsel was insufficient to have put the trial judge on notice that an objection was based on Rule 404(b) of the Federal Rules of Evidence, because defense counsel simply repeated three times that the information was "irrelevant." 803 F.2d at 126; *United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998); *see also United States v. Nwankwo*, 46 Fed. Appx. 873, 874 (9th Cir. 2002) ("merely mentioning the words "double jeopardy" in the heading of the Rule 29 memorandum, but failing to discuss the topic in the body of the memorandum, does not sufficiently raise the issue.")

Joseph: I went to buy the rims that the guy told me that he had for sale, which I negotiated for $200.

. . .

Joseph: I went down there, Friday and I told him I have the money and he got the rims out from in there and brought them to me. And I had my friend, Piper, with me, he helped me put them in the van and I drove off with them.

Attorney Payton: Now, at that time did you know that they were stolen?

Joseph: No, Attorney, I had no knowledge that they were stolen.

. . .

Attorney Payton: Okay. Now, with respect to — did there come a time that you found out that these rims were stolen?

Joseph: I found out, yes, sir.

Attorney Payton: When was that?

Joseph: On December 24th.

(J.A. 217-18.)[20]

■■■ To sustain a conviction for *Buying, receiving or possessing stolen property,* the People must prove the following elements: (1) that the Defendant bought, received or possessed; (2) property obtained in an unlawful manner (stolen); (3) that the Defendant knew or had cause to believe that the property was obtained in an unlawful manner; and (4) that the property was valued at $100 or more. *See* 14 V.I.C. § 2101.

As to the first element, it is uncontroverted, that Joseph purchased the rims. As to the second element, Joseph concedes that the rims were stolen. Thus, our plain error inquiry into the sufficiency of the evidence concerns elements three and four. Namely, whether Joseph knew or had cause to believe that the property was obtained in an unlawful manner and whether the property was valued at $100.00 or more.

### a. Whether there was sufficient evidence for a rational juror to find that Joseph knew the rims were stolen.

■■■ The rims were stolen on December 12, 2003, Joseph purchased the rims on December 19, 2003. At trial, an employee of a gas station where

---

[20] Joseph testified that on December 24, he was informed by Detective Stanley that the rims were stolen property. (*Id.*)

the rims were stolen testified that he twice saw Joseph driving around with the rims on his van on December 23, 2003. (J.A. 218, 223.) At trial, the jury heard testimony that the rims were particularly unique (17" alloy star-shaped rims with tires special-ordered from the mainland); and that Joseph frequented the gas station where the owner of the rims parked his car in 2003. (J.A. 72, 81, 116, 122.)

The jury also heard testimony that Joseph bought the rims, originally valued at $1,700.00 in a marina parking lot from a man he knew only as "Mr. Rico" for a sum total of $200. (J.A. 218, 223.) Additionally, at the time of Joseph's clandestine purchase, two of the four rims he just bought, had been so badly damaged that the he could not install them on his van. (J.A. 221.) Accordingly, given the testimony at trial, there was sufficient evidence for a rational jury to conclude, beyond a reasonable doubt, that Joseph knew the rims were stolen.

### b. Whether there was sufficient evidence for a rational juror to find that the rims were worth $100.00 or more.

The final element of V.I. CODE ANN. tit 14, § 2101(a) requires that the value of the rims were $100 or more. *Id.* Joseph testified that he purchased the rims for $200.00. The jury also heard evidence that the unique rims at issue, were originally purchased at a cost of $1,700.00.[21] Accordingly, there was sufficient evidence for a rational jury to find, that at the time of purchase, the rims were worth at least $100.

### C. Adequacy of the Jury Deliberation

Joseph argues that the jury did not deliberate for a long enough time to permit meaningful consideration of two days of evidence and testimony. Since Defendant did not raise this issue below, the standard of review is for plain error alone. *United States v. Powell*, 113 F.3d 464, 466-467 (3d Cir. 1997).

Joseph notably fails to cite any cases where a guilty verdict was overturned because the jury failed to conduct protracted deliberations. Accordingly, under a plain error standard of review, we find this argument wholly without merit.

---

[21] The People failed to offer evidence of the cost of similar rims taking into account depreciation and/or or damage.

### D. Applicability of the habitual offender statute to Joseph's sentencing.

The trial court's sentencing determinations are reviewed for abuse of discretion. *Georges v. Government of the Virgin Islands,* 119 F. Supp. 2d 514, 523 (D.V.I. App. Div. 2000). This Court exercises plenary review over issues of statutory interpretation. *United States v. Bennett,* 100 F.3d 1105, 1108 (3d.Cir. 1996); *V.I. v. Walker,* 261 F.3d 370 (3d.Cir. 2001).

V.I. CODE ANN. tit 14, § 61(a) provides:

> Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a felony in the Virgin Islands, shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life if such subsequent felony for which the person is convicted in the Virgin Islands was committed within ten (10) years after the date the person has completed serving his sentence on the prior felony conviction. If the last conviction is for a crime of violence, as defined in Title 23, section 451 of the Code, imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

*Id.*

■ Joseph argues that the trial court misapplied the crime of violence provision of 61(a) because purchasing stolen property is not a crime of violence. The provision at issue limits sentence suspension, probation, parole eligibility and early release for repeat felony offenders whose last conviction is for a crime of violence. *See* 14 V.I.C. § 61(a). Notably, Joseph failed to include the sentencing transcript in the record we now review. However, the Judgment and Commitment against him does not limit his probation, parole or early release eligibility. Thus, Joseph's argument is a misplaced challenge to his sentence.

### IV. CONCLUSION

For the reasons cited above, we affirm Joseph's conviction. An order consistent with this opinion shall follow.