NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1296
_____

GOV'T OF THE V.I.

v.

GABRIEL JOSEPH,

Appellant

_____

On Appeal from the District Court
of the Virgin Islands – Appellate Division
Division of St. Thomas
(D.C. No. 3-05-cr-00013-001)
District Judges:  Honorable Raymond L. Finch
and Honorable Curtis V. Gomez
Superior Court Judge:  Honorable Francis J. D'Eramo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2011

Before:  FISHER, GREENAWAY, JR. and ROTH, *Circuit Judges*.

(Filed: January 10, 2012)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Gabriel Joseph ("Joseph") appeals from the District Court of the Virgin Islands Appellate Division's affirmance of his conviction for possession of stolen property, in violation of 14 V.I.C. § 2101(a). For the reasons discussed below, we will affirm.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On March 21, 2004, Joseph was arrested and charged with one count of possession of stolen property valued at more than one hundred dollars, in violation of 14 V.I.C. § 2101(a). The property in question consisted of four unique 17-inch alloy star-shaped automobile tire rims that were unlawfully removed from a 1991 Infinity Q45 owned by Garrah Alqade.[1] On August 5, 2004, the Government filed a Habitual Offender Information, notifying the trial court that if Joseph was found guilty, the Virgin Islands Government would request a sentencing enhancement under 14 V.I.C. § 61(a). On August 10, 2004, after a thirty-minute deliberation, the jury convicted Joseph. Pursuant to the habitual offender statute, the trial court applied the sentencing enhancement, and Joseph was sentenced to a term of ten years' imprisonment. The District Court affirmed the trial court's conviction and sentence. Joseph filed a timely appeal.

---

[1] Garrah Alqade is also known as "Jerrah Elgadi."

## II.

Pursuant to 48 U.S.C. § 1613a(a), the District Court properly exercised appellate jurisdiction over an appeal from the Virgin Islands Territorial Court. This Court has jurisdiction under 48 U.S.C. § 1613a(c).

## III.

## A.

Joseph first claims that there was insufficient evidence to support a guilty verdict. Ordinarily, we must uphold the verdict if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Coleman*, 862 F.2d 455, 460 (3d Cir. 1988) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). However, because Joseph failed to preserve the issue for appeal, we review his claim for plain error. *See United States v. Powell*, 113 F.3d 464, 466-67 (3d Cir. 1997). "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'" *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999) (citation omitted). We conclude that, viewing the evidence in the light most favorable to the prosecution, Joseph's conviction was supported by sufficient evidence, and most certainly did not constitute plain error.

To convict Joseph for possession of stolen property in violation of 14 V.I.C. § 2101(a), the Government was required to prove: (1) that the defendant bought,

3

received or possessed property; (2) that the property was obtained in an unlawful manner; (3) that the defendant knew or had cause to believe that the property was obtained in an unlawful manner; and (4) that the property had a minimum value of one hundred dollars.

First, there was sufficient evidence that Joseph bought or possessed the tire rims. Victor Heyliger, an employee of Alqade, who had ordered the unique rims for Alqade's car, testified that after the rims disappeared, he saw Joseph driving a van with two of the rims on the rear of the van. A police officer also testified that the license plate for the van was registered to Joseph. Furthermore, Joseph testified that he purchased "some rims" for two hundred dollars from Rico Rivera. This evidence was sufficient for a reasonable jury to find that Joseph bought or possessed the tire rims. Second, there was also ample evidence that the property was obtained in an unlawful manner. At least one witness testified that the rims were stolen, and Alqade's nephew reported the theft to the police.

The third element, that the defendant knew or had cause to believe that the property was obtained in an unlawful manner, was sufficiently proven by substantial circumstantial evidence. *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989) (holding the jury may draw inferences from facts produced at trial "when no direct evidence is available[,] so long as there exists a logical and convincing connection between the facts established and the conclusion inferred"). Officer Stanley testified that when he approached Joseph to talk with him, Joseph fled the scene. *See United States v. Miles*, 468 F.2d 482, 489 (3d Cir. 1972) (evidence of flight is admissible as

4

circumstantial evidence of guilt, although it cannot be dispositive of the issue). Joseph also told the police that the owner of the car wanted to drop the charges, which indicated Joseph had actual knowledge of the owner because the police had never told Joseph who owned the tire rims. Additional testimony showed that Joseph was an auto detailer with knowledge of automobile rims, he frequented Alqade's business where the tire rims were located, and he purchased the significantly damaged rims for a price substantially lower than their market value. From these facts, the jury could have drawn the logical inference that Joseph knew the unique rims were valuable, he saw them at Alqade's business, and he had "cause to believe" the rims were stolen based on the damage to the rims and the low price.

Fourth, there was also sufficient evidence to show that the stolen property had a value equal to or higher than one hundred dollars. Heyliger testified that Alqade paid about $1,700 for the rims. Nidal Qoed testified that the value of the rims in December 2003 was approximately $1,000. Finally, Joseph testified that he paid two hundred dollars for the rims, despite severe damage to two of the rims. This evidence was sufficient for the jury to conclude that the value of the rims was equal to or more than one hundred dollars.

**B.**

Joseph alleges that trial counsel's failure to raise a Rule 29 motion for judgment of acquittal constituted ineffective assistance of counsel. As a general matter, we do not

5

entertain claims of ineffective assistance of counsel on direct appeal. *Gov't of V.I. v. Lewis*, 620 F.3d 359, 371 (3d Cir. 2010). However, Joseph's case falls under the narrow exception allowing such a claim on direct appeal because the "record is sufficient to allow determination of ineffective assistance of counsel." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991) (citations omitted). Nevertheless, because Joseph did not raise the claim on appeal to the District Court, we review for plain error. *United States v. Corso*, 549 F.3d 921, 928 (3d Cir. 2008). Under this standard, Joseph must show "(1) that there was an error, … (2) that the error was 'plain,' i.e., clear or obvious, and (3) that the error affected his substantial rights." *Id.* (citation omitted). Even then, we may only exercise our discretion in correcting the error when "a miscarriage of justice would otherwise result." *Id.* at 929 (internal quotation and citations omitted).

To show ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient" such that it "fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *Breakiron v. Horn*, 642 F.3d 126, 137 (3d Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Joseph fails to prove either prong of the *Strickland* test. As discussed above, the evidence was sufficient to prove all of the elements of the crime; therefore, counsel could have reasonably concluded that filing a Rule 29 motion would have been futile. Moreover, the record reveals that counsel's failure to file the motion did not prejudice Joseph because the District Court made it clear during the jury

6

instructions conference that it would not have granted the motion. *Joseph v. Virgin Islands*, No. 2005-13, 2008 WL 5663569, at *6 (D.V.I. App. Div. Dec. 9, 2008). Thus, Joseph cannot prevail on his ineffective assistance of counsel claim.

## C.

Joseph next contends that the trial court erred in applying the habitual offender statute to his sentence. "We review the sentence that was imposed for abuse of discretion inasmuch as it did not exceed the statutory limits of the applicable statute" and "exercise plenary review over the district court's determination of questions of law." *Gov't of V.I. v. Walker*, 261 F.3d 370, 372 (3d Cir. 2001).

Joseph was sentenced to a term of imprisonment of ten years, pursuant to 14 V.I.C. § 61(a), which mandates that a defendant previously convicted of a felony offense within the past ten years "shall" be sentenced to a minimum of ten years, and *also* mandates that "[if] the last conviction [was] for a crime of violence[,]" the court "shall" not grant parole or early release. 14 V.I.C. § 61(a). Joseph argues that his last conviction was not a crime of violence. This may be correct, but it is irrelevant; the court did not make Joseph ineligible for parole or early release, but rather, it sentenced him to ten years under the first mandate of § 61(a), which applies where there has been *any* previous felony within the past ten years. Accordingly, Joseph's sentence was not an abuse of discretion.

7

**D.**

Lastly, Joseph submits that the jury deliberated for an insufficient length of time to support a guilty verdict. Joseph did not raise this issue at the trial court, so we review for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). We have never held that there is a minimum length of time necessary for jury deliberations to support a conviction. Even when the amount of time spent deliberating is relevant in the context of hung juries, we have stated that "there is no uniform minimum period during which a jury must deliberate before the court may declare a hung jury." *United States ex rel. Webb v. Ct. of Common Pleas of Phil. Cnty*, 516 F.2d 1034, 1044 (3d Cir. 1975).

Here, the trial court did not commit plain error in allowing the jury to deliberate for thirty minutes before convicting Joseph. The indictment only charged Joseph with one count of possession of stolen property. Three of the four elements (elements one, two and four) of the crime were virtually or completely uncontested at trial. And the third element of the crime, whether the defendant knew or had cause to believe that the property was obtained in an unlawful manner, simply turned on whether the jury gave more weight to Joseph's testimony or the circumstantial evidence presented by the Government. Thus, we cannot say that the trial court erred in allowing the jury to deliberate for thirty minutes before rendering a guilty verdict.

**IV.**

For the reasons set forth above, we will affirm the judgment of the District Court.